# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL DOPORTO,

      Plaintiff,

v.                                                                              CV 10-145 JH/WPL

CHAN KIM, Chief of Police of the Lovington,
New Mexico Police Department, Sgt. JOSHUA
BAKER, and Patrolman PETER HONIGMAN,
individually and in their official capacities,

      Defendants.

## ORDER

      In this excessive force case, Defendants Baker and Honigman have filed a motion to exclude several of Plaintiff's expert witnesses and grant summary judgment to Defendants.[1] (Doc. 80.) They claim that Plaintiff failed to provide expert reports for all physicians who will testify as to causation of Plaintiff's injuries, as required by the Order Re-Setting Pretrial Deadlines. (Doc. 76.) Defendants argue that, without testimony as to causation, Plaintiff will be unable to establish the extent of his injuries and damages, and thus Defendants are entitled to summary judgment. (Doc. 81 at 9-12.) Defendants alternatively request that I grant them an extension of time to disclose their expert witnesses.

      Plaintiff has failed to respond to this motion (*see* Doc. 84), so I do not know why Plaintiff failed to submit expert reports from the physicians who will testify as to causation. Plaintiff had disclosed in the Joint Status Report fourteen physicians who had treated him and stated that these

---

[1] Plaintiff's conspiracy claim against all Defendants and his supervisory liability claim against Defendant Kim have already been dismissed. (Doc. 55.)

physicians would testify as reported in their medical records and reports and may also "be called upon to render an expert opinion consistent with their care and treatment of" Plaintiff. (Doc. 43 at 7-8). Plaintiff filed a Supplemental Disclosure of Expert Witnesses in which he identified four treating physicians who he "anticipated" would testify as to causation of his injuries (Doc. 79); interestingly, three of the treating physicians listed in the Supplemental Disclosure to give causation testimony were not previously identified in the Joint Status Report.

The law regarding the scope of testimony that a treating physician may give without triggering the need for an expert report under Federal Rule of Civil Procedure 26(a)(2)(B) is somewhat unclear. Written reports are required only "if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). Generally, treating physicians are not retained or specially employed by an injured party to provide expert testimony; they are hired to treat the patient. Rule 26 was recently amended to require summary disclosure of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B). *See* FED. R. CIV. P. 26(a)(2)(C). The disclosures required under Rule 26(a)(2)(C) are "considerably less extensive than the [written] report required by Rule 26(1)(2)(B) . . . [because] these witnesses have not been specially retained and may not be as responsive to counsel as those who have." FED. R. CIV. P. 26(a)(2)(C) cmt. to 2010 Amendment.

The Local Rules for this District state unequivocally that "[t]reating physicians need not prepare an expert report as required by Fed. R. Civ. P. 26(a)(2)(B)." D.N.M.LR-Civ. 26.3(b); *see also* FED. R. CIV. P. 26 cmt. to 1993 Amendment ("A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."). The Tenth Circuit has previously allowed a treating physician to testify as a lay witness when he described the

treatment he provided to his patient. *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). The circuit held that a "treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party."[2] *Id*. The court further noted that a "treating physician, even when testifying as a lay witness, may state 'expert' facts to the jury in order to explain his testimony." *Id*.

In 2007, Judge Bruce Black brought some clarity to this area with his decision in *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174 (D.N.M. 2007). Plaintiff claimed that he was injured as a result of exposure to ammonium hydroxide fumes while working at Defendant's plant, and identified Dr. Christensen as his treating physician who would testify regarding Plaintiff's injuries, diagnosis, prognosis, cost and treatment. *Id*. at 1177. Plaintiff did not timely produce a written report from Dr. Christensen, and Defendant moved to strike any expert testimony from him. *Id*. at 1177-78. Judge Black found that Dr. Christensen was a "hybrid" fact/expert witness who was not required to produce a written report as to his "fact opinions" that were derived from his observations and treatment of Plaintiff. *Id*. at 1179-80. Accordingly, Judge Black limited Dr. Christensen's testimony to only those

> "fact opinions" that Dr. Christensen formed based on his personal knowledge and observations obtained during his course of care and treatment of Plaintiff. Dr. Christensen is not permitted to provide expert testimony regarding any opinion he formed based on information learned outside of, and not related to, Plaintiff's treatment.

*Id*. at 1180.

A number of circuit courts have recently recognized that experts must provide expert reports

---

[2] This reasoning has been criticized for not recognizing that, although treating physicians may describe their first hand observations made during treatment, the "ability to make these observations in the first place typically requires expertise," and all fact and opinion testimony that requires specialized knowledge should be considered expert testimony. DAVID H. KAYE, DAVID E. BERNSTEIN & JENNIFER L MNOOKIN, THE NEW WIGMORE: EXPERT EVIDENCE § 4.2.1 (2d ed. 2010); *see also Musser v. Gentiva Helath Servs.*, 356 F.3d 751, 756-57 n.2 (7th Cir. 2004).

when they testify beyond the opinions they reached during treatment. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) ("Today we join those circuits that have addressed the issue and hold that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."); *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011) (Where "the expert is part of the ongoing sequence of events and arrives at his causation opinion during treatment, his opinion testimony is not that of a retained or specially employed expert," but if the expert "draws the opinion from facts supplied by others, in preparation for trial," he must prepare a written report.); *Meyers v. Nat'l R.R. Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010) ("[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)."); *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007) (holding that no written report was required from physician because he "formed his opinions as to causation at the time that he treated" Plaintiff); *see also Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317-18 (11th Cir. 2011) ("[W]hen a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony.").

While the law may be somewhat unclear concerning the scope of testimony that a treating physician may give without triggering the need for an expert report, that is no excuse for Plaintiff's failure to comply with the Order Re-Setting Pretrial Deadlines, which expressly required Plaintiff "to provide a Rule 26 expert report for each doctor who will testify as to the causation of Plaintiff's injuries." (Doc. 76.) When a party fails to make the disclosures required by Rule 26(a), the party is

not allowed to use the witness to supply evidence at trial unless he establishes the failure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1); *ClearOne Communs., Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011). Because Plaintiff has failed to file a response to Defendants' motion, he has not established that the failure is substantially justified or is harmless. However, recognizing that the law in this area is somewhat murky, I will follow the lead of Judge Black and will allow the physicians identified in Plaintiff's Supplemental Disclosure of Expert Witnesses to testify on the issue of causation if they developed their opinions on causation during the course of their treatment of Plaintiff.[3] Because these physicians did not produce written reports, they will not be allowed to give opinions based on records they did not see during treatment or upon materials provided by Plaintiff's counsel. Because I do not know if the physicians developed opinions on causation during their treatment of Plaintiff, I will deny at this time Defendants' motion to exclude and motion for summary judgment, and instead will grant the following extension of pretrial deadlines.

| | |
|---|---|
| Defendants disclose expert witnesses: | July 27, 2012 |
| Discovery terminates: | September 27, 2012 |
| Discovery motions due: | October 4, 2012 |
| Pretrial motions other than discovery motions due: | October 11, 2012 |
| Plaintiff submits pretrial order to Defendants: | December 18, 2012 |
| Defendants submit pretrial order to court: | January 3, 2013 |

---

[3] Since this order does not result in dispositive action, I have the authority to resolve this matter. *See Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997) ("a request for a sanction . . . is among the nondispositive matters which a magistrate judge may decide"); *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b)."). Accordingly, I am not filing a Proposed Findings and Recommended Disposition, even though Judge Herrera has entered a order of reference; instead, I am entering an order which fully resolves this matter.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge