IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL DOPORTO,

        Plaintiff,

v.                                                    CV 10-145 JCH/WPL

CHAN KIM, et al.,

        Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
DOPORTO'S MOTION FOR A PROTECTIVE ORDER**

This matter before me today on Plaintiff Michael Doporto's Motion for Protective Order or in the Alternative, Motion for Extension of Time to Respond to Interrogatories. (Doc. 99.) Defendant Peter Honigmann filed a response in opposition to the motion. (Doc. 100.) Having carefully considered the law and relevant facts, I grant in part and deny in part Doporto's motion.

**FACTUAL & PROCEDURAL BACKGROUND**

Doporto brought this case against Honigmann and several other defendants in February 2010, alleging civil rights violations. (Doc. 1.) The Court's original scheduling order required that Doporto disclose expert witnesses no later than March 15, 2012. (Doc. 59.) Doporto did not disclose experts by that date, and the Court held a status conference on the matter on April 15, 2012. (Doc. 71.) Defense counsel explained at the hearing that Doporto had identified twelve doctors in his initial disclosures but that Doporto had not produced Rule 26 expert reports from any of these doctors. (Doc. 75; Doc. 100 at 2.) According to Plaintiff's counsel, the doctors were to testify on the issue of causation. (Doc. 75.) I then issued an order stating that Doporto's expert reports were due May 14, 2012. (Doc. 76.) In that order, I instructed Doporto to provide a

"modified" Rule 26 report for each doctor who would testify as to the causation of his injuries. (*Id*.)

On May 23, 2012, Defendants Joshua Baker and Honigmann brought a motion to exclude expert witnesses and for summary judgment. (Doc. 80; Doc. 81.) Defendants argued that, despite the extension of time, Doporto had failed to provide modified expert reports for any of the twelve identified physicians. (Doc. 81 at 1.) Defendants requested that I strike Doporto's experts as a sanction for failing to meet the discovery deadline for a second time. (*Id*.) Absent the experts, Doporto would not be able to establish the causation element for each of his claims, so Defendants requested that the Court enter summary judgment in their favor. (*Id*. at 9-12.)

Plaintiff's counsel, Alexander Ching, failed to file a response in opposition to the motion. (Doc. 84; Doc. 85 at 1.) Nonetheless, I carefully considered the law regarding expert reports and concluded that a treating physician is not required to produce an expert report in the Tenth Circuit if his or her opinion was formed while treating the patient. (Doc. 85 at 2-5.) I made it quite clear that, "[b]ecause these physicians did not produce written reports, they will not be allowed to give opinions based on records they did not see during treatment or upon materials provided by Plaintiff's counsel." (*Id.* at 5.) Rather, any treating physician could only testify on causation if he or she developed the opinion while treating Doporto. (*Id*.)

Ching completely failed to read the order or even notice that I had entered an order denying summary judgment. On June 27, 2012, less than a week after entering my order, Ching filed a motion for an extension of time to respond to the motion to strike and for summary judgment. (Doc. 87.) I held a hearing on this motion on July 6, 2012, in order to explain that the matter was now moot. (Doc. 94.)

On July 2, 2012, Defendant Honigmann served his second set of interrogatories and requests for production ("RFPs") on Doporto. (Doc. 100 at 4; Doc. 100 Ex. B.) This discovery request comprised of two interrogatories (Nos. 21 & 22) and two RFPs (Nos. 18 & 19), which sought information regarding the treating physicians, their qualifications, the subject of their testimony, the facts to which they were to testify at trial, their opinions, and supporting documentation. (Doc. 100 Ex. B. at 4-5.)

On July 27, 2012, Doporto filed this motion for a protective order. (Doc. 99.) Ching failed to attach a copy of the interrogatories and RFPs to his motion despite his statement that he would do so. (*Id.* at 2.) As grounds for the motion, Doporto argued that the discovery requests were an attempt to force Doporto to produce expert reports, despite my earlier order which held that treating physicians were not required to produce specially prepared expert reports. (*Id.*) Alternatively, Doporto requested a "reasonable," yet unspecified, period of time to produce the requested information. (*Id.*) Ching did not contact defense counsel regarding either motion because he assumed both would be opposed. (Doc. 100 at 4; Doc. 102 at 2.) Honigmann filed a response in opposition within three days (Doc. 100), and, pursuant to my order for expedited briefing (Doc. 101), Doporto filed a timely reply (Doc. 102).

## DISCUSSION

### I. Procedural Issues

A party from whom discovery is sought may move for a protective order, but the motion must include a "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FED. R. CIV. P. 26(c)(1). Failure to confer generally results in the denial of the motion. *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 245 (D. Kan. 2010). After conferring in good faith, a party may

move for a protective order only if efforts to resolve the matter fail. The local rules require that a party seeking a protective order attach a copy of the interrogatories or RFPs in question to the motion. *See* D.N.M.LR-Civ. 37.1.

Ching failed to confer in good faith regarding this motion and failed to attach a copy of the contested discovery requests. He states that he assumed that the matters would be opposed. (Doc. 102 at 2.) Typically, assumptions are not an excuse in a federal district court. However, given that, as will be discussed below, Honigmann seeks what I have already denied, attempts to confer would be futile. Further, I will not deny a protective order because of a failure to attach a copy of the discovery requests.

## II.     Substantive Issues

It is a well settled principle that "[p]arties may obtain discovery regarding any nonprivileged claim or defense." FED. R. CIV. P. 26(b)(1). When it comes to the testimony of witnesses, "all witnesses are subject to deposition, individual document demands, and other discovery the court deems necessary and appropriate." *Watson v. United States*, 485 F.3d 1100, 1108 (10th Cir. 2007).

Typically, a party will obtain a specialized form of discovery from expert witnesses who will testify under Federal Rules of Evidence 702, 703, or 705.[1] Rule 26 governs expert witnesses. FED. R. CIV. P. 26(a)(2). Some expert witnesses must provide an expert report, *see* FED. R. CIV. P. 26(a)(2)(B), while other experts only need provide more limited disclosures, *see* FED. R. CIV. P. 26(a)(2)(C). Treating physicians are expert witnesses, but they do not have to provide written reports under Rule 26(a)(2)(B) if they limit their testimony to opinions based only on the

---

[1] Rule 702 governs testimony by expert witnesses. FED. R. EVID. 702. Rule 703 governs bases for an expert's opinion. FED. R. EVID. 703. Rule 705 governs disclosure of the facts or data underlying an expert's opinion. FED. R. EVID. 705.

treatment of the patient. (*See* Doc. 85.) However, a physician is still bound to provide some disclosure regarding the subject matter on which he or she will testify and a summary of the facts and opinions to which he or she will testify. FED. R. CIV. P. 26(a)(2)(C); *see also Davis v. GEO Group, Inc.*, No. 10-cv-02229-WJM-KMT, 2012 U.S. Dist. LEXIS 34797, at *7-8 (D. Colo. Mar. 15, 2012) (holding a treating physician who is not considered a retained expert and need not provide a written report falls within the scope of Rule 26(a)(2)(C)).

Honigmann argues that he is not only entitled to the discovery in the second set of requests based on Rule 26(a)(2)(C), but that the Court should revisit its decision as to Defendants' motion to strike and for summary judgment based on Doporto's failure to provide information under Rule 26(a)(2)(C). (Doc. 100 at 8.) However, this is the first time Honigmann has raised this provision. (*See* Doc. 81.) Further, this provision became effective after the case was filed. FED. R. CIV. P. 26 (2010 amend.). While Honigmann is entitled to make discovery requests on witnesses, he is not entitled to an expert report and he may not use Rule 26(a)(2)(C) to obtain one. I have already ruled that the physicians identified in the supplemental disclosures of expert witnesses (Doc. 79) may testify on the issue of causation *if* they developed their opinions of causation during treatment, and I have imposed a sanction for the failure to produce written reports— the physicians cannot testify beyond their own treatment. (Doc. 85 at 5.) Interrogatory No. 20 essentially asks for an expert report and, thus, is improper.[2]

---

[2] Interrogatory 20 asks

Please state, in detail, what each expert will testify to, [sic] and further provide: (a) A complete statement of all opinions the witness will express at trial and the basis for those opinions; (b) The facts, [sic] or data considered by the witness in forming those opinions. (c) The qualifications of each separate expert. (d) A list of all publications authored by the expert in the last 10 years. (e) A list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition. (f) A statement of the compensation to be paid for the study and testimony in this case. (g) The subject matter on which the witness is expected to present evidence.

(Doc. 100 Ex. B at 4.) Rule 26 expert reports must contain the following:

The fact that the physicians are exempt from providing expert reports does not mean they are exempt from the discovery process altogether. Furthermore, Doporto's motion and reply brief appeared to focus on Interrogatory No. 20 and did not discuss the other discovery requests. Therefore, I deny the motion for a protective order as to Interrogatory No. 21 and RFP Nos. 18 and 19, since these discovery requests are limited in nature and do not require the experts to produce reports. Doporto has twenty-one days to respond to these discovery requests.

### III.    Attorney's fees and costs

In a discovery dispute, the court may award costs and reasonable attorney's fees to the prevailing party. FED. R. CIV. P. 26(c)(3). Since I deny in part and grant in part Doporto's motion, I will not award costs and fees at this time.

### CONCLUSION

For the foregoing reasons, I grant in part and deny in part Doporto's motion for a protective order. (Doc. 99.) I order Doporto to serve complete responses to Honigmann's Interrogatory No. 21 and RFP Nos. 18 and 19 within twenty-one days from the entry of this order. Failure to comply may result in sanctions. I further amend the scheduling order deadlines as follows:

| | |
|---|---|
| Termination of Discovery | November 2, 2012 |
| Discovery Motions | November 9, 2012 |
| Defendants' Expert Reports | October 4, 2012 |

---

(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.
FED. R. CIV. P. 26(a)(2)(B).

| | |
|---|---|
| Dispositive Motions | November 16, 2012 |
| Plaintiff's Pretrial Order to Defendants | January 18, 2013 |
| Defendants' Pretrial Order to the Court | February 1, 2013 |

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.