IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL DOPORTO,

    Plaintiff,

v.  No.  10-00145-JCH/KBM

CHAN KIM, Chief of Police of the Lovington,
New Mexico Police Department,
SGT. JOSHUA BAKER, and Patrolman
PETER HONIGMANN, individually and
in their official capacities,

    Defendants.

## DEFENDANTS' MOTION FOR SANCTIONS, COSTS AND ATTORNEYS FEES

    Defendant Honigmann, by and through his undersigned attorneys, FRENCH & ASSOCIATES, P.C., and Defendant Baker, by and through his undersigned attorneys, ATWOOD, MALONE, TURNER AND SABIN, P.A., hereby move this Court to award them sanctions against Alexander Ching, in the form of costs and attorneys fees for his failure to attend the duly noticed depositions of plaintiff and plaintiff's wife.  In support of this motion, defendants state:

    1.    On July 27, 2012, defendants scheduled the depositions of plaintiff and his wife.  Docs.  97, 98.

    2.    The depositions were to be held in Albuquerque, New Mexico on August 14, 2012.

    3.    At approximately 4:00 p.m., on August 13, 2012, counsel for Defendant Honigmann, who had scheduled the depositions, received a telephone call from Mr. James Klipstine.  Mr. Klipstine stated that he was on his way to Albuquerque as were plaintiff and his wife, but that Mr. Alexander Ching would not be attending the

depositions the next day due to Mr. Ching's own medical emergency. *See* affidavit of Stephen G. French, attached hereto and incorporated herein by reference as Exhibit A.

4. Mr. Klipstine is not licensed to appear in federal court in the State of New Mexico and cannot represent plaintiff during plaintiff's deposition. During the events described in this motion, Mr. Klipstine did not represent that he was appearing as an attorney on behalf of plaintiff in federal court.

5. Defendant Honigmann and Chief Dan Bryant of the Lovington Police attempted to attend the depositions; they appeared in Albuquerque at the time scheduled. *See* Exhibit B affidavit of Chief Dan Bryant, attached hereto and incorporated herein by reference.

6. Lee Rogers, attorney for Defendant Baker, attempted to attend the depositions and appeared in Albuquerque at the time scheduled. *See* Exhibit D, affidavit of Lee Rogers, attached hereto and incorporated herein by reference.

7. Stephen French and Lee Rogers prepared for the depositions. *See* Exhibit A (Affidavit of Stephen French) and Exhibit C (Affidavit of Lee Rogers).

8. The Court reporter appeared for the deposition. *See* Exhibit E, bill from the Court Reporter, attached hereto and incorporated herein by reference.

9. Mr. Klipstine, plaintiff and his wife appeared for the depositions. Mr. Ching did not. Plaintiff's wife was subpoenaed and was paid a witness fee.

10. The parties discussed how to proceed with Mr. Klipstine, Mr. Klipstine's not being able to represent plaintiff and decided that if Mr. Ching could attend by telephone, the depositions could proceed. *See* Exhibit A (Affidavit of Stephen French) and Exhibit C (Affidavit of Lee Rogers).

11. After approximately two hours of discussion, Mr. Ching declined to attend telephonically and Mr. Klipstine stated that the depositions would have to be vacated and rescheduled. *See* Exhibit A (Affidavit of Stephen French) and Exhibit C (Affidavit of Lee Rogers).

12. Mr. Klipstine pointed out that, while the federal court was considering his readmission to the federal bar and given Mr. Ching's ongoing medical issues, he could not tell when the deposition could be rescheduled. *See* Exhibit A (Affidavit of Stephen French) and Exhibit C (Affidavit of Lee Rogers).

13. At the time scheduled for the deposition, Mr. Klipstine informed the attendees that Mr. Ching had gotten sick over the weekend of August 11 and August 12, 2012. *See* Exhibit A (Affidavit of Stephen French) and Exhibit C (Affidavit of Lee Rogers).

14. Mr. Ching did not inform defendants' attorneys of his illness during the weekend by leaving a voice message at the office of one of the defendants' attorneys or calling them first thing Monday morning. *See* Exhibit A (Affidavit of Stephen French) and Exhibit C (Affidavit of Lee Rogers).

15. Mr. Rogers did not leave Roswell until approximately 9:00 a.m., on August 13, 2012, Chief Bryant and Defendant Honigmann did not leave Lovington until approximately noon on August 13, 2012. Had Mr. Ching informed anyone of his illness before noon on August 13, 2012, Chief Bryant and Defendant Honigmann would not have made the trip to Albuquerque for the deposition. *See* Exhibit C (Affidavit of Lee Rogers), Exhibit B (affidavit of Dan Bryant). Mr. Rogers travelled to Albuquerque on August 13, 2012, for another matter, but arranged to stay overnight

for Plaintiff's deposition and billed half of his travel time for the depositions scheduled in this case.

16.     Both Mr. Rogers and Mr. French prepared for the depositions. They will each have to prepare for the depositions again.   *See* Exhibit A (Affidavit of Stephen French) and Exhibit C (Affidavit of Lee Rogers).

17.     The Local Rules provide:

> 30.2 Non-Appearance at Deposition. Failure of a deponent to appear at the time and place designated may be regarded as a willful failure to appear pursuant to FED. R. CIV. P. 37(d) or contemptible conduct pursuant to FED. R. CIV. P. 45(e),
>
> • unless a motion for protective order and a notice of non-appearance are served at least seven (7) days before the scheduled deposition; . . .

18.     Mr. Ching promised to produce a note from his doctor describing his illness and explaining why he was not able to attend the deposition. On August 15, Mr. Ching produced a note from his doctor.  *See* Exhibit E, note from Dr. Jason Bradley, attached hereto and incorporated herein by reference.

19.     The note from Dr. Bradley states that he advised Mr. Ching to not "go on any trips that would involve driving for long periods of time." Exhibit E.  The note does not say that Mr. Ching cannot drive to his office across town to attend the deposition by telephone; that he cannot ride in a car for a long period of time; or that he cannot listen to a telephonic deposition for a long period of time.

20.     The note, however, does not excuse Mr. Ching from notifying defendants, the court reporter and their clients before 4:00 p.m., the day before the deposition. If he had done so, most of the expenses of attending the aborted deposition could have been avoided.

21. Counsel for Defendant Honigmann called the Court after receiving Mr. Klipstine's telephone call on August 13, 2012.  The Court was unavailable at that time to give defendants guidance on how they should proceed.  *See* Exhibit A (Affidavit of Stephen French).

22. Counsel for defendants attempted to call the Court at 8:00 a.m., August 14, 2012, but were unable to talk to the judge to get guidance on how to proceed because counsel for defendants could not locate Mr. Ching.  *See* Exhibit A (Affidavit of Stephen French).

23. Counsel for defendants discussed how they should proceed and determined that if Mr. Ching was able to attend telephonically, they would still be able to conduct the depositions.  *See* Exhibit A (Affidavit of Stephen French) and Exhibit D (Affidavit of Lee Rogers).

24. Mr. Klipstine explained to the group gathered to conduct the deposition that Mr. Ching was not answering his telephone.  Mr. Klipstine texted Mr. Ching and eventually spoke with him.  According to Mr. Ching, his doctor told him that Mr. Ching could not drive.  At the time when Mr. Klipstine spoke with Mr. Ching, according to Mr. Klipstine, Mr. Ching did not have access to a car to get to his office to call into the deposition.  He did not explain why he needed to go to his office to attend the deposition telephonically when he was calling from, presumably, his home.  *See* Exhibit A (Affidavit of Stephen French) and Exhibit D (Affidavit of Lee Rogers).

25. Rule 37(d) provides, in relevant part:

> If a party or an officer, director, or managing agent of a party ... fails (1) to appear before the officer who is to take ... [a] deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories ..., or (3) to serve a written response to a request for inspection ..., the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others

5

> it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed.R.Civ.P. 37(d).

    26.    Fed.R.Civ.Pro. 37(d)((3) provides for sanctions:

> Sanctions may include any of the orders listed in Rule 37(d)(1)(A)(i – iv). Instead of or in addition to these sanctions, the court mus require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(d)(3).

    27.    In <u>Tom v. S.B., Inc</u>. 280 F.R.D. 603, 610 (D.N.M. 2012) (Lynch, M.J.) this Court stated:

> Thus, this leads me to reason that "misbehavior" warranting a default judgment must be so egregious, in such bad faith, that it is clear to all involved that such behavior could never be tolerated in a court of law. . . . Thus, in such a situation, it would be as if the factor of judicial interference completely overshadows the absence of a warning. Anything less cannot substantiate default, although it may still warrant severe sanctions.
>
>     . . .
>
>     The court should still weight the following factors in determining the appropriate sanction: (1) the prejudice or surprise to the party; (2) the ability of the party to cure the prejudice; and (3) the moving party's bad faith. A court has broad discretion in fashioning the appropriate sanction under Rule 37(c), and this includes awarding costs and fees and informing the jury of the party's failure to properly disclose information. Fed.R.Civ.P. 37(c)(1).

*Id.* at p. 612.

    28.    In <u>Tom</u>, this Court, addressing the sanctions available under Rule 37(b) and (c) held "In reviewing whether sanctions are appropriate, the court should consider *who* acted in bad faith, the party or the attorney, and to what degree. After all, 'if the fault lies with the attorney, that is where the impact of the sanction should

be lodged.'" *Id.* Rule 37(d) specifically provides that an attorney may be sanctioned. Rule 37(d)(3).

29. Defendants do not seek sanctions from plaintiff or his wife or Mr. Klipstine, because these individuals attended the deposition as noticed.

30. Defendants seek sanctions from Mr. Ching for: (a) failing to bring his illness to the attention of defendants before 4:00 p.m., on August 13, 2012; and, (b) failure to make himself available by telephone to attend the deposition.

31. The Court has previously warned Mr. Ching about failing to follow Court procedures or Court rules: *See, e.g.,* Doc. 77 (Clerk's Minutes 4-26-12) ("The Court put Mr. Ching on notice that should he fail to follow another order, the Court will impose sanctions."); Doc. 94(Clerk's Minutes 07-06-12) ("The Court warned Mr. Ching that if there is one more problem, such as another missed deadline, it will ask the Chief Judge to remove him from the federal bar").

32. While the Court did not reduce the admonitions to written orders, Mr. Ching was given fair notice that he could be sanctioned for his missing deadlines or failing to follow an order.

33. Defendants are not seeking dismissal of this case because that would punish plaintiff and it is only Mr. Ching who should be held liable. Defendants, however, are requesting sanctions for their expenses and attorneys fees expended in the preparation and attendance at the abortive depositions.

34. An associate of French & Associates, P.C., has prepared this motion for sanctions and French & Associates request compensation for the amount of time expended for preparation and attendance at the deposition and preparation of this

motion. Exhibit F, affidavit of Paula Forney, attached hereto and incorporated herein by reference.

    35.    The amounts being sought are:

| | |
|---|---:|
| Exhibit A (Steve French) | $4,065.00 |
| Exhibit B (Dan Bryant) | $ 968.89 |
| Exhibit C (Lee Rogers) | $1,179.78 |
| Exhibit D (Court reporter) | $ 160.50 |
| Exhibit F (Paula Forney) | $2,055.00 |
| TOTAL | $8,429.17 |

    33.    Consent of opposing counsel to this motion has been sought and denied by both Mr. Klipstine and Mr. Ching.

WHEREFORE, defendants respectfully request that the Court award the fees and costs against Mr. Ching in the amount of $8,429.17, for his failure to attend the depositions either in person or by telephone and his failure to timely notify defendants of his illness and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

FRENCH & ASSOCIATES, P.C.
ATTORNEYS AT LAW

Electronically filed
By: */s/ Stephen G. French, Attorney*
STEPHEN G. FRENCH
PAULA I. FORNEY
500 Marquette Avenue, NW - Ste. 500
Albuquerque, NM  87102
(505) 843-7075 / (505) 243-3482 fax
*Attorneys for Defendants Chan Kim and Peter Honigmann*
Sfrench@frenchlawpc.com
pforney@frenchlawpc.com

ATWOOD, MALONE, TURNER & SABIN, PA

By:  /s/ Lee M. Rogers, Jr., Attorney
LEE M. ROGERS, JR.
P.O. Drawer 700
Roswell, NM  88202-0700
(575) 622-6221 / (575) 624-2883 fax
*Attorneys for Sgt. Joshua Baker*
lrogers@atwoodmalone.com


**I HEREBY CERTIFY** that on the 30th day of August, 2012, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

James Klipstine, Esq.
1601 N. Turner, Suite 400
Hobbs, NM   88240

Alexander Ching, Esq.
Ching Law Firm
1601 N. Turner, Suite 400
Hobbs, NM   88240
(575) 393-1300 / (575) 393-1869 fax
*Attorneys for Plaintiff*


 /s/  Stephen G. French
STEPHEN G. FRENCH