IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL DOPORTO,

    Plaintiff,

v.                                                           CV 10-0145 JCH/WPL

CHAN KIM, et al.,

    Defendants.

## ORDER GRANTING MOTION TO
## COMPEL AND FOR SANCTIONS IN PART

On August 12, 2012, I entered an order granting in part and denying in part Plaintiff Michael Doporto's motion for a protective order. (Doc. 103.) In that order, I instructed Doporto to serve complete responses to Defendant Peter Honigmann's Interrogatory No. 21 and Requests for Production ("RFP") Nos. 18 and 19 no later than September 4, 2012. (*Id.* at 6.) This matter is before me today on a motion to compel by Defendants Honigmann and Joshua Baker because Doporto still has not provided the requested discovery. (Doc. 115.)

On September 4, 2012, Doporto produced all of the medical records previously produced in response to RFP Nos. 18 and 19, but he did not provide a supplemented answer to Interrogatory No. 21. (Doc. 115 Ex. B.) On September 12, 2012, Honigmann sent a letter to Doporto regarding these deficiencies. (Doc. 115 Ex. 3.) As of September 24, 2012, Defendants had still not received the requested discovery, so they filed the present motion to compel and to strike the treating physicians from testifying at trial as a sanction for his non-compliance.[1] (Doc.

---

[1] This is the third time Defendants have requested that I strike these experts. (*See* Doc. 80; Doc. 100.)

115.) Doporto did not file a response, and on October 12, 2012, Defendants filed a notice of briefing complete. (Doc. 126.)

Under the Local Rules, the failure to file a response brief constitutes consent to grant the motion. *See* D.N.M.LR-Civ. 7.1(b). Doporto's response brief was due on October 11, 2012. *See* FED. R. CIV. P. 6(d); D.N.M.LR-Civ. 7.4(a). Defendants served Doporto and defense counsel Jon Fredlund and Alexander Ching with copies of this motion. (Doc. 115 at 7.) I note the fact that both attorneys are on notice of this motion since there has been some confusion regarding Doporto's representation. Fredlund improperly entered his appearance and Ching improperly withdrew as counsel on August 30, 2012. (Doc. 104; Doc. 106.) I corrected this error on September 28, 2012 (Doc. 118), and Fredlund properly entered the case on October 4, 2012 (Doc. 123). Alexander Ching has not yet withdrawn. Despite the gymnastics involved in Doporto's representation, it is clear that Doporto and his counsel received this motion; they have no excuse for failing to timely file a response brief. His failure to respond constitutes consent to grant the motion.

I will not strike Doporto's experts at this time, but I will order him to fully supplement his responses to all three discovery requests within **seven days** from the entry of this order. **If Doporto fails to respond, I will recommend to the trial judge that she strike all of Doporto's testifying physicians as witnesses.** Additionally, I order Doporto to pay Defendants' costs and reasonable attorneys' fees associated with bringing this motion. *See* FED. R. CIV. P. 37(a)(5)(A).

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.