IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL DOPORTO,

    Plaintiff,

v.                                                CV 10-145 JCH/WPL

CHAN KIM, et al.,

    Defendants.

**PROPOSED FINDINGS AND RECOMMEND DISPOSITION**

This matter is before me on Defendants Peter Honigmann and Joshua Baker's third motion to strike Plaintiff Michael Doporto's treating physicians as expert witnesses. (Doc. 140.) When a motion results in case-dispositive action, it is proper for the trial judge to rule. *See* FED. R. CIV. P. 72. Striking Doporto's treating physicians as expert witnesses will result in an absence of evidence on the issue of causation, making the decision invariably dispositive. Following Defendants' first motion to strike (Doc. 80), the Court requested that I make findings of fact, conduct legal analysis, and recommend a disposition on the matter (Doc. 82). Since Defendants have revived their motion to strike the same physicians, I will consider their motion pursuant to the Court's prior order of reference. Having considered the facts and relevant law, I recommend that the Court strike Doporto's treating physicians as expert witnesses on the issue of causation.

**FACTUAL & PROCEDURAL BACKGROUND**

Doporto brought this case against Defendants in February 2010, alleging civil rights violations. (Doc. 1.) In my original scheduling order, I instructed Doporto to disclose expert witnesses no later than March 15, 2012. (Doc. 59.) Doporto did not disclose experts by that date,

and I held a status conference on the matter on April 15, 2012. (Doc. 71.) Defense counsel explained at the hearing that Doporto had identified twelve doctors in his initial disclosures, but he had not produced Rule 26 expert reports from any of these doctors. (Doc. 75.) According to Plaintiff's counsel, the doctors were to testify on the issue of causation. (*Id*.) I then issued an order stating that Doporto's expert reports were due May 14, 2012. (Doc. 76.) In that order, I instructed Doporto to provide a "modified" Rule 26 report for each doctor who would testify as to the causation of his injuries. (*Id*.)

On May 23, 2012, Defendants brought a motion to exclude expert witnesses and for summary judgment. (Doc. 80; Doc. 81.) Defendants argued that, despite the extension of time, Doporto had failed to provide modified expert reports for any of the twelve identified physicians. (Doc. 81 at 1.) Defendants requested that I strike Doporto's experts as a sanction for failing to meet the discovery deadline for a second time. (*Id*.) Absent the experts, Doporto would not be able to establish the causation element for each of his claims, so Defendants requested that the Court enter summary judgment in their favor. (*Id*. at 9-12.)

Despite Doporto's failure to respond in opposition to the motion (Doc. 84; Doc. 85 at 1), I considered the law regarding expert reports and concluded that a treating physician is not required to produce an expert report in the Tenth Circuit if his or her opinion was formed while treating the patient. (Doc. 85 at 2-5.)[1] On June 21, 2012, I issued an order that held, "because these physicians did not produce written reports, they will not be allowed to give opinions based on records they did not see during treatment or upon materials provided by Plaintiff's counsel." (*Id*. at 5.)

---

[1] Because this motion did not result in case-dispositive action, I entered an order in lieu of filing a Proposed Findings and Recommended Disposition ("PFRD").

On July 2, 2012, Defendant Honigmann served his second set of interrogatories and requests for production ("RFPs") on Doporto. (Doc. 100 at 4; Doc. 100 Ex. B.) This discovery request was comprised of two interrogatories (Nos. 20 & 21) and two RFPs (Nos. 18 & 19) that sought information regarding the treating physicians, their qualifications, the subject of their testimony, the facts to which they were to testify at trial, their opinions, and supporting documentation. (Doc. 100 Ex. B. at 4-5.)

On July 27, 2012, Doporto filed a motion for a protective order. (Doc. 99.) As grounds for the motion, Doporto argued that the discovery requests were an attempt to force Doporto to produce expert reports, despite my earlier order that exempted treating physicians from preparing expert reports. (*Id.*) I granted Doporto's motion in part, noting that Interrogatory No. 20 merely recited Rule 26's standard for expert reports and was clearly an attempt to circumvent my previous ruling. (Doc. 103.) However, I found that "the fact that the physicians are exempt from providing expert reports does not mean they are exempt from the discovery process altogether." (*Id.* at 6.) I noted that Doporto's motion for a protective order failed to address Defendants' Interrogatory No. 21 and the two RFPs, let alone explain why these discovery requests were objectionable. (*Id.*) I gave Doporto twenty-one days to fully respond to these three discovery requests. (*Id.*)

On September 24, 2012, after Doporto's responses were long overdue, Defendants moved to compel responses to Interrogatory No. 21 and RFPs Nos. 18 and 19 and to strike Doporto's treating physicians yet again. Doporto did not file a response in opposition. I granted the motion in part on October 15, 2012, ordering Doporto to respond within seven days, but declining to strike the treating physicians. (Doc. 129.)[2] I stated, "If Doporto fails to respond, I will

---

[2] Again, I did not enter a PFRD because the motion did not result in case dispositive action.

recommend to the trial judge that she strike all of Doporto's testifying physicians as witnesses." (*Id*. at 2.)

On October 23, 2012, Doporto filed an unopposed motion for extension of time to fulfill the requirements of my order and provide complete responses to Defendants' discovery requests. (Doc. 132; Doc. 133.) I granted the motion and ordered Doporto to provide the discovery by October 26, 2012. (Doc. 137.) On October 26, 2012, Doporto filed a certificate of service indicating that he had served the requested discovery on Defendants. (Doc. 138.) However, by October 30, 2012, Defendants had not received the responses, so defense counsel contacted Plaintiff's counsel regarding the responses. (Doc. 140 at 3.) The responses were faxed to defense counsel later that day (*id*.), and Doporto filed an amended certificate of service (Doc. 139).

Defendants moved to strike Doporto's experts for a third time after receiving Doporto's responses on the ground that the responses were insufficient and amounted to a violation of my previous orders. (Doc. 140.) Doporto filed a brief response, arguing that he had timely responded and that his response effectively answered the discovery requests. (Doc. 146.) Additionally, he reasserted his previous argument that Defendants' effectively sought impermissible expert reports. (*Id*. at 3.)

## DISCUSSION

Federal Rule of Civil Procedure 37 governs the use of sanctions during discovery. The court may sanction a party for the failure to comply with a court order. *See* FED. R. CIV. P. 37(b). If a court finds that a party has violated this provision, it may prohibit the offending party from introducing a related matter into evidence. *See* FED. R. CIV. P. 37(b)(2)(A)(ii).

Doporto's repeated failure to supply Defendants with sufficient information regarding his treating physicians and the information to which they will testify violates two of my court orders.

Twice I instructed Doporto to provide full and complete answers to Interrogatory No. 21 and RFP Nos. 18 and 19. (Doc. 103; Doc. 129.) Doporto claims to have provided sufficient information in response and argues that further information would constitute impermissible expert reports.

When Doporto moved for a protective order this past July, he raised the same arguments. (Doc. 99.) After reviewing all four discovery requests, I granted his motion with respect to one interrogatory, and I compelled him to answer the remaining interrogatory and RFPs. (Doc. 103.) My decision to compel responses to the remaining discovery requests was in part based on his failure to argue how or why these requests sought expert reports and in part because "[t]he fact that physicians are exempt from providing expert reports does not mean they are exempt for the discovery process altogether." (*Id*. at 6.) I found that the three requests were "limited in nature and [did] not require the experts to produce reports." (*Id*.) Given my clear ruling on August 14, 2012, it is disingenuous to raise the same argument as an excuse for his failure to produce the responses in accordance with my orders. Further, Doporto did not filed a motion to reconsider my order. Likewise, his responses to these three discovery requests do not raise any objections.

A review of his proffered responses reveals their inadequacy. I begin with Interrogatory No. 21, which reads:

> Please state the testimony concerning causation that each such expert is anticipated to offer in this case, including, but not limited to:
>
> a. the facts which support this testimony on causation [;]
> b. when did the expert develop his testimony on causation [; and]
> c. swhat did each expert consult in developing his testimony on causation.

(Doc. 140 at 3.) Doporto's response is ripe with passive voice and is a model of vagueness. (Doc. 140 Ex. A at 1-3.) Although the response states that Doporto "was diagnosed with multiple

5

injuries," (*id.* at 2), Doporto fails to identify his injuries and fails to identify which doctors treated him for each injury. The interrogatory requests information from each expert who will testify concerning causation; the response fails to identify a single doctor who will testify on this topic. The response fails to identify the facts that support each doctor's testimony on causation. Further, Doporto states that "[i]t is expected that each testifying physician developed his testimony during the course of his individual treatment of Plaintiff . . . [and that it] is unknown to Plaintiff" what the treating physicians consulted to develop their opinions on causation. (Doc. 140 Ex. A at 2.) This is particularly troubling because I made it quite clear that, in order for any testimony on causation by a treating physician to be admissible without an expert report, the physician's opinion must have been developed during the course of treatment, and the physicians could not give opinions based on records they did not see during treatment or upon materials provided by Plaintiff's counsel. (Doc. 85 at 5.) Doporto must know when his testifying physicians developed their opinions on causation and what they consulted because it bears on the opinion's admissibility.

While Doporto did provide a response by the stated deadline, it is entirely unacceptable and functionally non-responsive. I will not order him to fully respond again. I consider this response tantamount to not responding at all and sanctionable under Rule 37(b).

Moving on to the RFPs, No. 18 reads:

> Please produce each and every medical record produced by the experts disclosed in your responses to the interrogatory, above. *An appropriate response to the request for production is not to simply refer to the medical records produced to defendants.* This request for production asks that you actually produce every medical record prepared by each expert you intend to call at trial, including records prepared under that physician's auspices.

(Doc. 102 Ex. 1 at 5 (emphasis added).) Following my first order compelling Doporto to answer this RFP in full (Doc. 103 at 6), Doporto responded by producing only the medical records

previously produced, despite the clear language of the RFP to provide additional records (Doc. 115 at 2). Defendants did not find this response adequate, so they filed a motion to compel. (Doc. 115.) Doporto at no time indicated that there were no further files or medical records that could be produced, nor did he object to the RFP. In fact, he still has not argued that the documents that Defendants have requested do not exist. (Doc. 146.)

When I ordered Doporto to fully respond to RFP No. 18 a second time, that should have been an indication that his previous response was inadequate. Yet, his most recent response stated, "Each report discussed above has been previously disclosed in response to this [RFP]." (Doc. 140 Ex. A at 3.) This response is also functionally non-responsive since it provides the same information to Defendants that I previously held was inadequate. In failing to respond, Doporto again violated two court orders. (Doc. 103; Doc. 129.)

RFP No. 19 requests a copy of the resumé or curriculum vitae of each of the testifying experts. Doporto claims that he has requested this information from the physicians but that they have not sent him their resumés. (Doc. 146 at 3.) It is suspect that Doporto plans to call several treating physicians to testify but he has not bothered to obtain copies of their resumés. Had he produced some of the physicians' resumés, it would at least appear as if he has made some effort to secure this information, but he has not produced a single one. Further, this is not complex or difficult information to obtain; Defendants only seek resumés. On August 14, 2012, I gave Doporto twenty-one days to provide these documents. (Doc. 103 at 6.) Doporto offers no excuse as to why, after several months, he has been unable to get this information, nor does he detail the steps he has taken to obtain the resumés, which might suggest a good faith effort to comply with discovery requests. Accordingly, it appears that he has functionally failed to respond to this last RFP.

## CONCLUSION

I have been more than patient with Doporto and his attorneys throughout this litigation. However, Doporto's violation of two court orders instructing him to produce highly relevant information regarding his treating physicians warrants sanctions. Therefore, I recommend that the Court grant Defendants' motion to strike Doporto's treating physicians as expert witnesses on the issue of causation.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.